Jack B. Speight
Robert T. McCue
Patrick J. Crank
Matthew D. Obrecht
SPEIGHT, McCUE & CRANK, P.C.
2515 Warren Avenue, Suite 505
P. O. Box 1709
Cheyenne, WY  82003-1709
(307) 634-2994
Fax:  (307) 635-7155

ATTORNEYS FOR PLAINTIFFS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| ROBERT A. NAROTZKY, M.D., THOMAS A. KOPITNIK, JR., M.D., DEBRA STEELE, M.D., and CENTRAL WYOMING NEUROSURGERY, LLC,<br><br>      Plaintiffs,<br><br>  v.<br><br>BOARD OF TRUSTEES OF MEMORIAL HOSPITAL OF NATRONA COUNTY; WYOMING MEDICAL CENTER, INC., a Wyoming non-profit corporation; BOARD OF DIRECTORS OF WYOMING MEDICAL CENTER, INC.; MIKE REID, in his official capacity as Chairman of the Board of Directors of Wyoming Medical Center, Inc., and in his personal capacity; PAM FULKS, in her official capacity as President and Chief Executive Officer of Wyoming Medical Center, Inc., and in her personal capacity; VICKIE DIAMOND, in her official capacity as Senior Vice President and Chief Operating Officer of Wyoming Medical Center, Inc., and in her personal capacity; and MARY JANE O'CONNOR, in her official capacity as Head of Perioperative Services of Wyoming Medical Center, Inc., and in her personal capacity,<br><br>      Defendants. | Civil No. 08-CV-027-B |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT BOARD OF TRUSTEES OF MEMORIAL HOSPITAL OF NATRONA COUNTY'S MOTION FOR SUMMARY JUDGMENT**

COME NOW Plaintiffs, by and through their attorneys, Speight, McCue & Crank, P.C., and in response to Defendant Board of Trustees of Memorial Hospital of Natrona County's Motion for Summary Judgment state as follows:

**INTRODUCTION**[1]

In its Memorandum in Support of its Motion for Summary Judgment, the Board of Trustees of Memorial Hospital of Natrona County ("BOT") attempts to dodge its liability for WMC's actions that led to the constructive discharge of Plaintiffs Dr. Narotzky, Dr. Kopitnik, and Dr. Steele from their protected property interest in their medical staff privileges in violation of the Fourteenth Amendment. However, as the final policymaker for the Memorial Hospital of Natrona County (the "Hospital"), the BOT cannot escape liability under 42 U.S.C § 1983 simply by delegating its policy making authority to Wyoming Medical Center ("WMC").

The BOT is a body corporate with the power to sue and to be sued and is a governmental entity, organized and chartered under Wyoming law and statutes. The Natrona County Commissioners appoint the members of the Board of Trustees of the Memorial Hospital of Natrona County. The Board of Trustees of the Memorial Hospital of Natrona County is charged by statute with the "erection, management and **control of the county memorial hospital**, county memorial hospital fund, and all property and funds received for the benefit of the hospital." W.S. §§ 18-8-104(a) and 18-8-102(a) (emphasis added).

Pursuant to W.S. §18-8-108(a) and the "Operating Lease" entered into between the BOT and WMC, the BOT has legally delegated its authority to regulate

---

[1] Plaintiffs hereby adopt and incorporate by reference the facts and arguments set forth in Plaintiffs' Memorandum in Opposition to Defendants Wyoming Medical Center's and Vickie Diamond's Motion for Summary Judgment as if fully stated herein.

and control the Hospital to WMC. However, as the final policy maker for the Hospital pursuant to Wyoming state law and the United States Supreme Court's holding in *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690-95, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and its progeny, the BOT is legally responsible and liable for WMC's actions that constructively discharged Plaintiffs from the constitutionally protected property interest in their medical staff privileges.[2] *Moore v. Wyoming Medical Center*, 825 F.Supp. 1531, 1541 (D.Wyo. 1993).

## SUMMARY JUDGMENT STANDARDS

Summary judgment is proper when there is no genuine issue of material fact to be resolved at trial. F.R.Civ.P 56(c); *Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993). Thus, a district court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." F.R.Civ.P 56(c); *Nelson v. Geringer*, 295 F.3d 1082, 1086 (10th Cir. 2002). "An issue of material fact is genuine where a reasonable jury could return a verdict for the party opposing

---

[2] W.S. § 18-8-108(a) provides:

> Whenever the board of trustees of a county memorial hospital or special hospital district deems it in the best interests of the county they may with the approval and consent of the board of county commissioners lease or enter into a contract for the operation of the hospital with any person, group, association or corporation. If the board of trustees enters into such a contract or lease the lessee or operator of the hospital shall furnish without charge to residents of the county certified by the county health officer or county department of public assistance and social services as having no means to pay for the same, all necessary facilities and maintenance during the time such persons are required to remain there for proper treatment. The board of trustees shall reimburse the lessee or operator for the hospitalization of indigent persons at rates agreed upon between the board and the operator or lessee, with such reimbursement to be made from funds the board has under its control or made available to it by the board of county commissioners. If a lease or contract is executed the lessee or operator of the hospital shall furnish the board of trustees semiannual reports showing the financial condition of the hospital and all monies received and expended. The board of trustees shall keep the records and make reports required by W.S. 18-8-107 even though the hospital is leased or operated under contract.

summary judgment." *Seymore v. Shawyer & Sons, Inc.*, 111 F.3d 794, 797 (10th Cir. 1997).

In applying these standards, the district court will view the evidence in the light most favorable to the party opposing the summary judgment. *Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996). The movant bears the initial burden of demonstrating the absence of evidence to support the non-moving party's claims. *Celotex Corp. v. Catreett*, 477 U.S. 317, 325 (1986). When the non-moving party bears burden of proof at trial, the burden then shifts to it to demonstrate the existence of an essential element of its case. *Id.* To carry this burden, the non-moving party must go beyond the pleadings and designate specific facts to show there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986); *Ford v. West*, 222 F.3d 767, 774 (10th Cir. 2000).

## DISCUSSION

Under the controlling United States Supreme Court case on governmental liability, *Monnell v. Dep't of Soc. Servc.*, 436 U.S. 658, and the Wyoming Statutes, the BOT is the final policymaker for decisions concerning the Hospital. Pursuant to W.S. § 18-8-108(a) and a lease agreement entered into between the parties, the BOT has legally delegated its final policymaking authority for the Hospital to WMC. Therefore, the unconstitutional actions of WMC directed toward the Plaintiffs are the official actions of the Hospital and are the BOT's own misdeeds for which the BOT is liable. *Milligan-Hitt v. Board of Trustees of Sheridan County School District No. 2,* 523 F.3d 1219, 1223 (10th Cir. 2008)

While Defendant BOT's Memorandum in Support of Summary Judgment adopts and incorporates by reference the arguments set forth in all of the other Defendants' Memorandum in Support of their Motions for Summary Judgment, BOT presents an additional and unique issue for the Court: "whether the BOT is responsible for the violation of constitutional rights alleged by the Plaintiffs." (BOT Memorandum in Support of Summary Judgment, p.11). The BOT is correct that this is a question of law to be determined by the Court. *Jett v. Dallas Indep. Sch.*

*Dist.*, 491 U.S. 701, 736-38, 109 S.Ct. 2702 (1989). The answer to that question is that as the final policymaker for the Hospital, the BOT is responsible for WMC's unconstitutional constructive discharge of Plaintiffs from their medical staff privileges at the Hospital.

42 U.S.C § 1983 rejects the tort principle of *respondeat superior* and does not subject state actors to liability for the acts of their employees; state actors are only liable for their own misdeeds. *Milligan-Hitt*, 523 F.3d at 1223 (10th Cir. 2008) (*citing Monnell v. Dep't of Soc. Servc.*, 436 U.S. 658, 694, 98 S.Ct. 2018 (1978)). A Plaintiff must show that his rights were violated by a state actor who is a final policymaker. A final policymaker is a state actor whose discretionary decisions are: 1) not constrained by general policies enacted by others; and 2) are not reviewable by others. *Id.* at 1228 (citing *City of St. Louis v. Praprotnik,* 485 U.S. 112, 108 S.Ct. 915 (1988); *Dill v. City of Edmond,* 155 F.3d 1193, 1211 (1998)). Additionally, a state actor may legally delegate its final policymaking authority to an employee or another state actor. *Id.* However, this delegation of authority does not limit liability under § 1983. *Id.* A state actor cannot escape liability for the unconstitutional acts of another simply by delegating its final policymaking authority. *Id.*

The BOT is liable for WMC's "edicts or acts [which] may fairly be said to represent official policy" of the Hospital. *Id.* at 1223 (*citing Monnell*, 436 U.S. at 694, 98 S.Ct. 2018 (1978). Because the Hospital had no official policy of constructively discharging Plaintiffs from their medical staff privileges, Plaintiffs must show that their rights were violated by WMC, in its delegated role as the final policymaking authority for the Hospital. *Id.* (*citing Simmons v. Uintah Health Care Special Serv. Dist.,* 506 F.3d 1281, 1284-85 (10th Cir. 2007)). Since Plaintiffs' rights were violated by WMC's actions as a final policymaker for the Hospital, the BOT is liable for WMC's unconstitutional actions.

In Wyoming, under W.S. §§ 18-8-102(a) and 18-8-104(a), the board of trustees of a county hospital has authority for the "erection, management and

control of the county memorial hospital, county memorial hospital fund and all property and funds received for the benefit of the hospital..." *See also Board of Trustees of Memorial Hospital of Sheridan County v. Pratt*, 262 P.2d 682, 689 (Wyo. 1953). The authority for the operation and policy decisions concerning the hospital can be delegated by the board of trustees to "any person, group, or association or corporation" via "a contract for the operation of the hospital". W.S. § 18-8-108(a). The BOT delegated its authority for the operation, control and policy making authority to WMC by entering into the Operating Lease in 1986. *See* **Appendix 42,** Deposition Exhibit 5.

The basis of the Operating Lease by which the BOT delegates its authority for the control and maintenance of the hospital delineates that WMC was: "formed for the specific purpose of leasing the Hospital from the [BOT] with the approval and consent of the County and, thereafter, operating the Hospital for the public benefit." **Appendix 42**; Deposition Exhibit 5 at Natrona County 000130. Pursuant to Section 3.1 of the Operating Lease between the BOT and WMC, the "Hospital Net Assets leased hereby shall be used in the public interest for…the establishment and maintenance of one or more hospitals." **Appendix 42**, Deposition Exhibit 5 at Natrona County 000133. Therefore, by the very terms of the Operating Lease agreement, the BOT has delegated its final decision making authority for hospital policy to WMC. Kathleen B. Dixon, Natrona County Commissioner during the relevant time frame of 2004 – 2005, succinctly and accurately stated the relationship between the County, the BOT, and WMC under the Operating Lease and how the BOT delegated its final policymaking authority to WMC in a December 5, 2005 e-mail:

> Natrona County owns the building that the hospital is located in, but we do not "own" or operate the actual hospital management. This arrangement was entered into many years ago (perhaps as long as 20 years ago, when the institution became known as Wyoming Medical Center.) …The Commission is not permitted to tell the hospital what to do or not do in terms of their operations

> and management. That is done by the WMC Board of Directors, with oversight by the Natrona County Memorial Hospital Board of Trustees.

(*See* **Appendix 99**, CWN 44709)

The BOT has further delegated its final policymaking authority to WMC by relinquishing all control of the day-to-day operations of the Memorial Hospital of Natrona County. WMC is managed, directed, and operated by a Board of Directors which is created and appointed pursuant to the By-Laws of WMC. The Natrona County Commissioners pick three members of the WMC Board of Directors. The Board of Directors of WMC elects a Chairman of the Board of Directors pursuant to the provisions of the WMC By-Laws. **Appendix 52**, Deposition Exhibit 45, WMC By-Laws, p. 3. In fact, the delegation of authority is so complete, that all Defendants to this action have stipulated or failed to contest that WMC is a state actor for purposes of Plaintiff's 42 U.S.C. § 1983 claims. *See* Memorandum in Support of Summary Judgment, WMC & Diamond p. 24; *Moore v. Wyoming Medical Center*, 825 F.Supp. at 1540-1542 (Holding that WMC is a state actor for purposes of a §1983 claim).

The BOT has further delegated its authority as final policymaker for the Memorial Hospital of Natrona County to WMC by allowing the hospital operations to be governed by the By-Laws of WMC and the hospitals medical staff to be governed by the WMC Board of Directors. **Appendix 52**, Deposition Exhibit 45, WMC By-Laws, p. 4. The WMC By-Laws and Medical Staff By-Laws were drafted and adopted, and amended from time to time upon vote of the WMC Board of Directors and the Medical Staff. The BOT had no input or decision making authority concerning the WMC By-Laws or WMC Medical Staff By-Laws. **Appendix 40**, Thorson 6/19/08 Deposition, pp. 34-35; **Appendix 15**, Brennan 4/7/09 Deposition, pp. 202-203. The BOT relies on the Board of Directors and administration of WMC to set the policy for the operation of the Hospital. **Appendix 40**, Thorson 6/19/08 Deposition, p. 34. As a matter of fact, a member

of the BOT, Iris "Pat" Thorson testified in her deposition that not only does she not have any knowledge of the content of either the WMC By-Laws or WMC Medical Staff By-Laws, she had never heard of their existence. **Appendix 40**, Thorson 6/19/08 Deposition pp. 34-35.

Day-to-day operations of the Hospital are supervised by the WMC administration pursuant to policy set by the WMC Board of Directors. **Appendix 20**, Fulks 9/15/08 Deposition, p. 76; *See* **Appendix 32**, Reid 10/7/08 Deposition, p. 254. The BOT does not question WMC's management principles in the operation of the Hospital. **Appendix 40**, Thorson 6/19/08 Deposition p. 38. The BOT has further delegated all policy making and supervisory authority over the medical staff at the Hospital to the WMC Board of Directors in conjunction with the Medical Staff Executive Committee in accordance with the policies adopted in the WMC By-Laws or WMC Medical Staff By-Laws. **Appendix 52**, Deposition Exhibit 45, WMC By-Laws, p. 1; **Appendix 40**, Thorson 6/19/08 Deposition pp. 37-39.

When the Supreme Court's factors from *City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988) (plurality opinion) used to determine whether final policy making authority has been delegated, are applied to the relationship between the BOT and WMC, it is clear that the BOT has delegated its final decision making authority to WMC. WMC's discretionary decisions are: 1) not constrained by general policies enacted by others; and 2) WMC's discretionary decisions are not reviewable by others. *Milligan-Hitt*, 523 F.3d at 1228 (citing *Praprotnik,* 485 U.S. 112; *Dill v. City of Edmond,* 155 F.3d 1193, 1211 (1998). Under these factors, the BOT's delegation of final policymaking authority to WMC is final such that the edicts or acts of WMC may fairly be said to represent official Hospital policy. *Id.* (*citing Monnell,* 436 U.S. at 694, 98 S.Ct. 2018).

Given the complete delegation of final policymaking authority from the BOT to WMC, the violation of Plaintiffs' constitutional rights by the actions of WMC, may fairly be said to represent the official actions of the BOT. *Monnell*, 436 U.S. at

694. Therefore, the unconstitutional acts of WMC, conducted pursuant to the legal delegation of the BOT's authority as final policymaker for the Hospital, are the BOT's own misdeeds for which the BOT is liable. *Id.* at 690-95.

## **CONCLUSION**

The BOT is liable for the actions of WMC and the individually named Defendants under *Monnell*. Because there are contested issues of material fact concerning the actions of Defendants WMC, Mike Reid, Pam Fulks, Vicki Diamond, and Mary Jane O'Connor, and their unconstitutional and illegal constructive discharge of Plaintiffs' medical staff privileges that they held at WMC, the Court cannot grant summary judgment to the BOT.

DATED this 13th day of April, 2009.

SPEIGHT, McCUE & CRANK, P.C.


By: /s/ Patrick J. Crank
    John B. "Jack" Speight, #4-0983
    Robert T. McCue, #5-2439
    Patrick J. Crank, #5-2305
    Matthew D. Obrecht, #6-4107
    P.O. Box 1709
    Cheyenne, WY  82003
    (307) 634-2994
    Fax:  (307) 635-7155

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

This is to certify that on the 13th day of April, 2009, a true and correct copy of the foregoing was served upon counsel as follows:

| | | |
|---|---|---|
| Mark Gifford | [   ] | U.S. Mail |
| Gifford Law Offices | [   ] | Fed Ex |
| P.O. Box 2508 | [   ] | Fax |
| Casper, WY  82601 | [   ] | Hand Delivered |
| mark@giffordbrinkerhoff.com | [ X ] | E-file |
| | | |
| Scott E. Ortiz | [   ] | U.S. Mail |
| Steve Emery | [   ] | Fed Ex |
| Williams Porter Day & Neville, P.C. | [   ] | Fax |
| P.O. Box 10700 | [   ] | Hand Delivered |
| Casper, WY  82601 | [ X ] | E-file |
| sortiz@wpdn.net | | |
| semery@wpdn.net | | |
| | | |
| Kate Fox | [   ] | U.S. Mail |
| Davis & Cannon, LLP | [   ] | Fed Ex |
| P.O. Box 43 | [   ] | Fax |
| Cheyenne, WY  82003-0043 | [   ] | Hand Delivered |
| kate@davisandcannonchey.com | [ X ] | E-file |
| | | |
| Anna S. Peckham | [   ] | U.S. Mail |
| Davis & Cannon, LLP | [   ] | Fed Ex |
| P.O. Box 728 | [   ] | Fax |
| Sheridan, WY  82801 | [   ] | Hand Delivered |
| anna@davisandcannon.com | [ X ] | E-file |
| | | |
| W. W. Reeves | [   ] | U.S. Mail |
| Anna M. Reeves Olson | [   ] | Fed Ex |
| Park Street Law Office | [   ] | Fax |
| 242 South Park Street | [   ] | Hand Delivered |
| Casper, WY  82601 | [ X ] | E-file |
| wwr@parkstreetlaw.com | | |
| aro@parkstreetlaw.com | | |

/s/ Patrick J. Crank