Jack B. Speight
Robert T. McCue
Patrick J. Crank
Matthew D. Obrecht
SPEIGHT, McCUE & CRANK, P.C.
2515 Warren Avenue, Suite 505
P. O. Box 1709
Cheyenne, WY  82003-1709
(307) 634-2994
Fax:  (307) 635-7155

ATTORNEYS FOR PLAINTIFFS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| ROBERT A. NAROTZKY, M.D., THOMAS A. KOPITNIK, JR., M.D., DEBRA STEELE, M.D., and CENTRAL WYOMING NEUROSURGERY, LLC,<br><br>                      Plaintiffs,<br><br>  v.<br><br>BOARD OF TRUSTEES OF MEMORIAL HOSPITAL OF NATRONA COUNTY; WYOMING MEDICAL CENTER, INC., a Wyoming non-profit corporation; BOARD OF DIRECTORS OF WYOMING MEDICAL CENTER, INC.; MIKE REID, in his official capacity as Chairman of the Board of Directors of Wyoming Medical Center, Inc., and in his personal capacity; PAM FULKS, in her official capacity as President and Chief Executive Officer of Wyoming Medical Center, Inc., and in her personal capacity; VICKIE DIAMOND, in her official capacity as Senior Vice President and Chief Operating Officer of Wyoming Medical Center, Inc., and in her personal capacity; and MARY JANE O'CONNOR, in her official capacity as Head of Perioperative Services of Wyoming Medical Center, Inc., and in her personal capacity,<br><br>                      Defendants. | Civil No. 08-CV 027-B |

# PLAINTIFFS' MEMORANDUM IN OPPOSITION TO VICKIE DIAMOND'S SEPARATE MOTION FOR SUMMARY JUDGMENT

COME NOW Plaintiffs, by and through their attorneys, Speight, McCue & Crank, P.C., and in response to Defendant Vickie Diamond's Separate Motion for Summary Judgment state as follows:

## INTRODUCTION[1]

In her Separate Motion for Summary Judgment, Defendant Vicki Diamond makes two additional arguments:

I. Plaintiffs have failed to state a claim against Defendant Diamond for constructive discharge because she was not Plaintiffs' employer or supervisor; and

II. Defendant Diamond is entitled to qualified immunity.

For their Response to Defendant Diamond's Argument I, Plaintiffs rely on their Memorandum in Opposition to Defendants Wyoming Medical Center's and Vickie Diamond's Motion for Summary Judgment. Arguments concerning the issues raised by Diamond in Argument I are set forth on pages 21-37 of Plaintiffs' Memorandum in Opposition to Defendants Wyoming Medical Center's and Vickie Diamond's Motion for Summary Judgment.  Defendant's remaining arguments will be addressed in this brief.

---

[1] Plaintiffs hereby adopt and incorporate by reference the facts and arguments set forth in Plaintiffs' Memorandum in Opposition to Defendants Wyoming Medical Center and Vickie Diamond's Motion for Summary Judgment as if fully stated herein.

## **STANDARD OF REVIEW**

Summary judgment is proper when there is no genuine issue of material fact to be resolved at trial. F.R.Civ.P 56(c); *Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993). Thus, a district court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." F.R.Civ.P 56(c); *Nelson v. Geringer*, 295 F.3d 1082, 1086 (10th Cir. 2002). "An issue of material fact is genuine where a reasonable jury could return a verdict for the party opposing summary judgment." *Seymore v. Shawyer & Sons, Inc.*, 111F.3d 794, 797 (10th Cir. 1997).

In applying these standards, the district court will view the evidence in the light most favorable to the party opposing the summary judgment. *Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996). The movant bears the initial burden of demonstrating the absence of evidence to support the non-moving party's claims. *Celotex Corp. v. Catreett*, 477 U.S. 317, 325 (1986). When the non-moving party bears burden of proof at trial, the burden then shifts to it to demonstrate the existence of an essential element of its case. *Id.* To carry this burden, the non-moving party must go beyond the pleadings and designate specific facts to show there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986); *Ford v. West*, 222 F.3d 767, 774 (10th Cir. 2000).

After a government official defendant asserts a qualified immunity defense to shield themselves from liability in their individual capacity, the burden shifts to the plaintiff to: 1) establish that the defendant's discretionary actions violated a constitutional or statutory right; and 2) that the constitutional right was established at the time of the violation such that a reasonable person in the defendant's position would know that his conduct violated that right. *Hesse v. Town of Jackson, Wyo.*, 541 F.3d 1240, 1244 (10th Cir. 2008) (*citing Holland ex rel. Overdorff v. Harrington,* 268 F.3d 1179, 1185 (10th Cir. 2001); *Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006); *Pearson v. Callahan*, 129 S.Ct. 808, 818 (2009). Once the plaintiff meets their burden of proving a clearly established constitutional right and conduct by the Defendants which violates that right, Defendants then have the burden to show that no material facts are in dispute which would defeat the claim of qualified immunity. *Parker v. Board of Regents of Tulsa Jr. College*, 981 F.2d 1159, 1161 (10th Cir. 1992).

"Constructive discharge occurs when an employer unlawfully creates 'working conditions so intolerable that a reasonable person in the employee's position would feel forced to resign.'" *Strickland v. United Parcel Service, Inc.*, 555 F.3d 1224, 1228 (10th Cir. 2009) (*citing Fischer v. Forestwood Co.,* 525 F.3d 972, 980 (10th Cir.2008). The employer's subjective intent in creating the constructive discharge and the employee's subjective views on the constructive discharge are irrelevant. *Id.*

Whether a constructive discharge occurred is a question of fact. *Id.* ("The existence of constructive discharge is an issue of fact to be resolved by the jury, and judgment as a matter of law is only appropriate if the evidence is susceptible to but one interpretation.") Whether the working conditions for Plaintiffs at WMC were objectively intolerable is a question of fact for a jury if Plaintiffs provide sufficient evidence to support a finding of constructive discharge. *Strickland*, 555 F.3d at 1229; *Arnold v. McClain,* 926 F.2d 963, 966 (10th Cir. 1991).

## DISCUSSION

The fact that Diamond was not a supervisor or employer of Plaintiffs is irrelevant to a constructive discharge analysis, and Diamond is not entitled to qualified immunity because it was clearly established as of October and November of 2005 that her actions or inactions would violate Plaintiffs' rights guaranteed by the Due Process Clause of the Fourteenth Amendment and Diamond knew or should have known that her actions would violate Plaintiffs' rights. **Appendix 15**, Brennan 4/8/09 Deposition pp. 78-79; *Graves*, 450 F.3d at 1218; *Woodward v. City of Worland*, 977 F.2d 1392, 1401 (10th Cir. 1992).

### Constructive Discharge

Diamond claims that she did not possess the ability to constructively discharge Plaintiffs. Plaintiffs hereby incorporate and rely on their Memorandum in Opposition to Defendants Wyoming Medical Center's and Vickie Diamond's Motion for Summary Judgment, and specifically directs the Court to pp. 21-37, to

rebut Diamond's claim that she was not responsible for the constructive discharge of Plaintiffs from WMC. Plaintiffs' Memorandum in Opposition to Defendants Wyoming Medical Center and Vickie Diamond's Motion also establishes the fact that Plaintiffs' resignations from WMC on November 15, 2005 were not voluntary. *See Id.* at pp. 28-35.

As COO of WMC, Vicki Diamond had the responsibility and authority for all operational aspects of WMC, including responsibility for the Operating Rooms, the Emergency Room, the Intensive Care Unit, Central Sterile Processing, and other areas of the hospital where Plaintiffs worked and performed their surgical and post-surgical duties. **Appendix 18**, Diamond Deposition, pp. 14-19. Vicki Diamond was a policymaker for WMC as part of the executive administrative council for WMC. *Id.* at 29-31. In her position of authority and policymaking, Defendant Diamond had the ability to affect the working environment of WMC. Vicki Diamond constructively discharged Plaintiffs through her actions, and by her inactions, in allowing her subordinates to create such a hostile work environment that Plaintiffs were constructively discharged from WMC.

Given that Defendant Diamond was a policymaker for WMC and had day-to-day operational and decision-making authority for all aspects of the hospital, it cannot be seriously argued that her actions and inactions as COO of WMC did not give rise to Plaintiffs' constructive discharge based solely on the legally irrelevant assertion that Diamond was not technically Plaintiffs' "employer" or "supervisor".

*See Smith v. Cleburne County Hosp.,* 870 F.2d 1375 (8th Cir. 1989); Plaintiffs' Memorandum in Opposition to Defendants Wyoming Medical Center's and Vickie Diamond's Motion for Summary Judgment, pp. 23-38.

### **Qualified Immunity**

Defendant Diamond further claims that she is shielded from liability in her individual capacity for her discretionary actions that gave rise to the constructive discharge of Plaintiffs in violation of the Due Process Clause of the Fourteenth Amendment.

Plaintiffs hereby incorporate and rely on their Memorandum in Opposition to Defendants Wyoming Medical Center's and Vickie Diamond's Motion for Summary Judgment, and directs the Court to pp. 11-20, to clearly establish that Plaintiffs' had a constitutionally protected property interest in their medical staff privileges at WMC.  It was clearly established in the Tenth Circuit on or before November 17, 2005 that constructive discharge from a position to which a person had a protectable property interest was actionable under 42 USC § 1983.  *Woodward v. City of Worland*, 977 F.2d at 1401 (*citing Bailey v. Kirk,* 777 F.2d 567, 579 (10th Cir. 1985).  Also, it was clearly established as of November 17, 2005 that a constructive discharge occurs when a reasonable person would consider the working conditions intolerable and when the working conditions are so difficult that a reasonable person would feel compelled to resign.  *Id.* (*citing Derr*

*v. Gulf Oil Corp.,* 796 F.2d 340, 344 (10th Cir.1986); *Irving v. Dubuque Packing Co.,* 689 F.2d 170, 172 (10th Cir. 1982)).

It was also clearly established by November 17, 2005 that "a person with authority or responsibility for working conditions can be held liable for constructive discharge in violation of the Due Process Clause of the Fourteenth Amendment." *Woodward*, 977 F.2d at 1402-1403.

As specifically argued in Plaintiffs' Memorandum in Opposition to Defendants Wyoming Medical Center's and Vickie Diamond's Motion for Summary Judgment, an independent contractor, like a physician at WMC, can be constructively discharged from their contractual rights. *See Id.* at pp. 23-26. This law was clearly established in the Tenth Circuit as of 1995 when the *Umbehr* case was decided. *Umbehr v. McClure*, 44 F.3d 876 (10th Cir.1995) (*aff'd by Board of County Com'rs, Wabaunsee County, Kan. v. Umbehr*, 518 U.S. 668, 116 S.Ct. 2342 (1996)).

Defendant Diamond certainly knew that her actions violated Plaintiffs' constitutional rights as guaranteed by the Due Process Clause of the Fourteenth Amendment. *Graves*, 450 F.3d at 1218. The WMC By-Laws clearly established that a physician with medical staff privileges at WMC could only have his privileges terminated for cause and after he was afforded the proper process. See Plaintiffs' Memorandum in Opposition to Defendants Wyoming Medical Center's and Vickie Diamond's Motion for Summary Judgment, pp. 11-20; **Appendix 52**,

Deposition Exhibit 45. The operative WMC By-Laws during calendar years 2004 – 2005 clearly provided that a member of the medical staff could only be discharged from their privileges at the Hospital for just cause and with due process. As COO of WMC, Defendant Diamond knew or should have known that her actions, as more fully discussed below, would constructively discharge Plaintiffs without cause and without affording Plaintiffs due process under the WMC Medical Staff By-Laws, in violation of the Due Process Clause of the Fourteenth Amendment. Any reasonable administrator in Vickie Diamond's position would have understood that the creation of hostile and intolerable work conditions could result in a constructive discharge of the Plaintiffs.

As more fully explained in Plaintiffs' Memorandum in Opposition to Defendants Wyoming Medical Center's and Vickie Diamond's Motion for Summary Judgment, Defendant Vicki Diamond's conduct that led to the constructive discharge of Plaintiffs includes, at a minimum:

1. Directing Defendant O'Connor to remove the towels from the windows of CWN surgeons operating rooms on October 27, 2005; Plaintiffs' Memorandum in Opposition to Defendants Wyoming Medical Center's and Vickie Diamond's Motion for Summary Judgment, pp. 60-61; **Appendix 18,** Diamond 9/3/08 Deposition, pp. 221-222; **Appendix 29,** O'Connor Deposition, pp. 104-105;

2. Directing O'Connor to contact the police with the false theft allegations on October 31, 2005; *Id.,* pp. 61-63; **Appendix 18,** Diamond 9/3/08 Deposition, p. 257;

3. Directing O'Connor to illegally search the lockers for missing WMC neurosurgery equipment on October 31,

        2005.  *Id.,* pp. 66-68; **Appendix 18,** Diamond 9/3/08 Deposition, p. 258; **Appendix 29,** O'Connor Deposition, pp. 173-174;

4. Deciding as a member of the administrative council to place listening devices in CWN's Operating Rooms to monitor conversations between Plaintiffs and their staff; *Id.*, pp. 8-9; **Appendix 60**, Deposition Exhibit 93; and

5. A total and abject failure to require WMC Administrators or Medical Staff, despite actual knowledge of significant bias and prejudice against Plaintiffs, to comply with state and federal laws and the WMC Medical Staff By-Laws.

As stated herein, Diamond had authority and responsibility and decision-making authority for the day-to-day operations of all of WMC, including the areas of the hospital in which Plaintiffs worked.  Diamond was also responsible and liable, jointly and severally with the other Defendants, for the creation of the intolerable working conditions to which they were subjected at WMC.

## **CONCLUSION**

Defendant Vicki Diamond is liable for the constructive discharge of Plaintiffs' from their medical staff privileges at WMC in violation of the Due Process Clause of the Fourteenth Amendment.  Diamond had day-to-day responsibility and authority for the work environment at WMC whereby her actions and inactions created a hostile work environment for Plaintiffs that led to their constructive discharge on November 17, 2005.  Diamond is not shielded in her individual capacity from liability for her actions or inactions that constructively discharged Plaintiffs from WMC.  By November 17, 2005 it was clearly established in the

Tenth Circuit that a person with authority or responsibility for working conditions can be held liable for Plaintiffs' constructive discharge in violation of the Due Process Clause of the Fourteenth Amendment.  Vicki Diamond knew or should have known that her actions or inactions would deny Plaintiffs' rights as guaranteed by the Due Process Clause of the Fourteenth Amendment.

DATED this 13th day of April, 2009.

        SPEIGHT, McCUE & CRANK, P.C.

By:    /s/ Patrick J. Crank
John B. "Jack" Speight, #4-0983
Robert T. McCue, #5-2439
Patrick J. Crank, #5-2305
Matthew D. Obrecht, #6-4107
P.O. Box 1709
Cheyenne, WY  82003
(307) 634-2994
Fax:  (307) 635-7155

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

   This is to certify that on the 13th day of April, 2009, a true and correct copy of the foregoing was served upon counsel as follows:

| | | |
|---|---|---|
| Mark Gifford | [   ] | U.S. Mail |
| Gifford Law Offices | [   ] | Fed Ex |
| P.O. Box 2508 | [   ] | Fax |
| Casper, WY  82601 | [   ] | Hand Delivered |
| mark@giffordbrinkerhoff.com | [ X ] | E-file |
| | | |
| Scott E. Ortiz | [   ] | U.S. Mail |
| Steve Emery | [   ] | Fed Ex |
| Williams Porter Day & Neville, P.C. | [   ] | Fax |
| P.O. Box 10700 | [   ] | Hand Delivered |
| Casper, WY  82601 | [ X ] | E-file |
| sortiz@wpdn.net | | |
| semery@wpdn.net | | |
| | | |
| Kate Fox | [   ] | U.S. Mail |
| Davis & Cannon, LLP | [   ] | Fed Ex |
| P.O. Box 43 | [   ] | Fax |
| Cheyenne, WY  82003-0043 | [   ] | Hand Delivered |
| kate@davisandcannonchey.com | [ X ] | E-file |
| | | |
| Anna S. Peckham | [   ] | U.S. Mail |
| Davis & Cannon, LLP | [   ] | Fed Ex |
| P.O. Box 728 | [   ] | Fax |
| Sheridan, WY  82801 | [   ] | Hand Delivered |
| anna@davisandcannon.com | [ X ] | E-file |
| | | |
| W. W. Reeves | [   ] | U.S. Mail |
| Anna M. Reeves Olson | [   ] | Fed Ex |
| Park Street Law Office | [   ] | Fax |
| 242 South Park Street | [   ] | Hand Delivered |
| Casper, WY  82601 | [ X ] | E-file |
| wwr@parkstreetlaw.com | | |
| aro@parkstreetlaw.com | | |

                 /s/ Patrick J. Crank